IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NANCY B.,

    Plaintiff,

v.                                               No. 3:17-CV-02744-BT

NANCY A. BERRYHILL,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

      Plaintiff Nancy B. brings this action for judicial review of a final decision by the Commissioner of the Social Security Administration denying her claims for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

## **Background**

      Plaintiff alleges she is disabled due to a variety of ailments including right shoulder injury, multiple sclerosis, depression, osteoarthritis, insomnia, and fibromyalgia. Tr. 73 (ECF No. 14-1). Plaintiff's application for benefits was denied initially and upon reconsideration. *Id.* 25. Plaintiff appeared at a hearing before an administrative law judge (the "ALJ") on June 9, 2016, in Dallas, Texas. *Id.* 43. She was 51 years old at the time of the hearing. *Id.* 74. She has an eleventh-grade education and past work experience as a home health aide, kitchen helper, cleaner, and automobile tester. *Id.* 44, 45-47.

At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from December 16, 2013, her alleged onset date, through June 30, 2014, her last date insured. *Id.* 36. At steps two and three, the ALJ found that Plaintiff's disorders of the muscle, ligament and fascia; lumbosacral spondylosis without myelopathy; bilateral carpal tunnel syndrome; sympathetic reflex dystrophy; and obesity were severe impairments, but that she did not have an impairment or combination of impairments that met or equaled the severity of any impairment listed in the social security regulations. *Id.* 27-29. The ALJ further found Plaintiff had the residual functional capacity ("RFC") to perform light work (as defined in 20 C.F.R. § 404.1567(b)), except that Plaintiff is limited to the following: (1) occasionally climbing ladders, ropes, scaffolds, ramps, and stairs; (2) occasional stooping, crouching, kneeling, and crawling; (3) occasional reaching with the right upper extremity; (4) and frequent bilateral fingering and handling. *Id.* 31. At step four,

---

[1] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citation omitted); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

the ALJ determined that Plaintiff could not perform her past work. *Id.* 31. At step five, relying on the testimony of a vocational expert, the ALJ found that Plaintiff could work as an usher, a counter clerk, and a conveyor line bakery worker—jobs that exist in significant numbers in the national economy. *Id.* 32. Accordingly, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* 32.

Plaintiff appealed the ALJ's decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. *Id.* 1. Plaintiff then filed this action in federal district court. Pl.'s Compl. (ECF No. 1). In a single ground for relief, Plaintiff argues the ALJ's RFC finding is not supported by substantial evidence. Pl.'s Br. 1 (ECF No. 20).

**Legal Standards**

Judicial review in social security appeals "'is limited to two inquiries: (1) whether the ALJ's decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (footnote omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting

*Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir. 1985)); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

**Analysis**

Plaintiff alleges the ALJ failed to consider all the evidence of the record and to properly accommodate all of Plaintiff's limitations as to lifting, carrying, standing, and walking when determining the Plaintiff's RFC. Pl.'s Br. 4. Plaintiff asserts she cannot perform light work on a sustained basis. *Id.* The Commissioner argues that the evidence contradicts Plaintiff's allegations that her impairments were disabling and that the ALJ appropriately accorded greater credence to the weight of the medical evidence than to Plaintiff's subjective complaints. Def.'s Br. 10-11 (ECF No. 21).

As part of the analysis for determining whether a claimant is disabled, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which they can be reasonably accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). Statements about a claimant's pain or other symptoms will not alone establish disability. *Id.* Rather,

there must be objective medical evidence from an acceptable medical source showing claimant has a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged that, when considered with all the other evidence, would lead to a conclusion that the claimant is disabled. *Id.*

The ALJ acknowledged Plaintiff's subjective complaints of pain in her knees, back, neck, right shoulder, and hands. Tr. 48, 50. After carefully considering the evidence, the ALJ found that Plaintiff's medically-determinable impairments could reasonably be expected to cause the alleged symptoms. Tr. 32. However, the ALJ also found Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id.*

Here, the ALJ considered objective medical evidence and other evidence, including testimonial evidence. In considering the objective medical evidence, the ALJ extensively developed Plaintiff's record medical history. *See* Tr. 31-34. Most of the medical evidence suggests that Plaintiff's impairments were either improving or manageable with treatment. *Id.* For example, Plaintiff underwent arthroscopic surgery of the right knee in 2010. Tr. 32, 326-327. In January 2011, during a follow-up examination, Plaintiff reported her knee was better. Tr. 32, 332. Notably, Dr. James Laughlin stated that he did not feel he needed to see Plaintiff again. Tr. 32, 332. Next, despite some past shoulder pain, *see* Tr. 32-33, 310, Plaintiff did not raise any concerns regarding her right shoulder in May 2015, only noting occasional

pain in the *left* shoulder. Tr. 33, 429. In August 2015, Plaintiff had full range of motion without pain in her shoulders. Tr. 33, 634.

The ALJ also noted evidence in the record of Plaintiff's back pain and hand pain. Plaintiff's alleged back pain was described as mild in July 2010 and was expected to resolve with conservative care. Tr. 33, 401-02. In March and August 2013, Plaintiff denied back pain during treatment. Tr. 33, 291, 298. Regarding Plaintiff's hand pain, she was diagnosed with bilateral carpal tunnel syndrome ("CTS"). Tr. 29. However, in February 2013, she denied related symptoms aside from arm tingling. Tr. 33, 285. After her date last insured, Plaintiff reported she was "doing good" with treatment. Tr. 33, 337. Medication continued to improve her symptoms. Tr. 33, 337. In April 2016, despite having good range of motion in both wrists, stability in both wrists, and only mild weakness in the hands, Dr. Abraham Abdo recommended Plaintiff for carpal tunnel surgery. Tr. 33, 415.

Next, the ALJ considered opinion evidence as required by 20 C.F.R. § 404.1527(a). The ALJ considered the assessments of the State agency medical and psychological consultants. Tr. 34. At the initial level, in January 2015, the State agency consultants noted that there was insufficient evidence to establish severe impairments prior to the date last insured. Tr. 34, 76, 77. At the reconsideration level, in February 2015, the State agency consultants affirmed the assessment at the initial level, noting that a technical denial was appropriate due to insufficient evidence prior to the date last insured. Tr. 34, 84, 85. The ALJ appropriately assigned these opinions little weight because Plaintiff experienced more than

minimal limitation from her medically determinable impairments prior to her date last insured. Tr. 34. *See* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . .").

The ALJ also considered Plaintiff's testimony. At the hearing before the ALJ, Plaintiff testified that she suffered from falling, had right shoulder pain, and hip pain and knee pain. Tr. 48-55. She further stated she had limitations lifting, carrying, standing, and walking. Based on this evidence, Plaintiff argues that the record shows she had impairments significantly restricting her ability to lift, carry, stand, and walk—all preventing her from performing light work. Pl.'s Br. 7. The ALJ then considered the testimony of Plaintiff's friend, Darlene P. Darlene reported that Plaintiff talks on the phone, visits with individuals from church weekly, manages her own finances, goes shopping, drives a vehicle, and cares for their mutual pets. Tr. 34, 213. *See* 20 C.F.R. § 404.1529(c)(3) ("[T]he information that your . . . nonmedical sources provide about your pain or other symptoms . . . is also an important indicator of the intensity and persistence of your symptoms.").

The ALJ thus considered ample objective medical evidence and other evidence. Moreover, the ALJ may discount a claimant's subjective complaints if inconsistencies exist between the alleged impairments and the evidence as a whole. *See Vaughn v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (discussing ALJ's conclusion that "several of the symptoms allegedly plaguing [Claimant] were not consistent with the objective medical evidence"). Here, the ALJ recognized the

combined limiting effects of her back and knee pain, obesity, sympathetic reflex dystrophy, right shoulder pain, and CTS. Tr. 34. But the ALJ cited to medical records that showed Plaintiff was responding well to treatment or medication or both. Tr. 33. An impairment controlled by conservative treatment is not disabling. *See Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir. 1986). Pain alleviated by medication is not disabling. *Johnson v. Sullivan*, 894 F.2d 683, 686 (5th Cir. 1990). The ALJ fulfilled her duty to resolve conflicts in the medical evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). As such, the ALJ's RFC finding was based on substantial evidence and not a result of legal error. Remand is not required on the issue of the ALJ's RFC finding.

Plaintiff also challenges the ALJ's finding at step five of the sequential inquiry—that there were jobs in significant numbers in the national economy that she could have performed. *See* Pl.'s Br. 7-8; Tr. 35; *see also Greenspan,* 38 F.3d at 236 (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The ALJ asked a vocational expert (the "VE") three hypothetical questions. *See* Tr. 65-69. First, the ALJ asked about a hypothetical person who was limited to work at the light exertional level and was limited to occasionally climbing ladders, ropes, scaffolds, ramps, and stairs, as well as occasional stooping, crouching, kneeling, and crawling. Tr. 65. This hypothetical person was also limited to occasional reaching with the right upper extremity and frequent bilateral fingering and handling. *Id.* The ALJ then asked would this hypothetical individual be able to perform Plaintiff's past work as actually performed or generally performed in the national economy, to

which the VE answered in the negative. *Id.* 66. The ALJ then asked if this same hypothetical individual could perform any other work, and if so, asked the VE to provide a few examples. *Id.* The VE responded affirmatively and identified the following occupations: usher, counter clerk, and conveyor line bakery worker. *Id.* The VE testified that this testimony is consistent with the Dictionary of Occupational Titles (the "DOT"). *Id.*

Next, the ALJ asked the VE to assume another hypothetical individual with Plaintiff's age and education with the past jobs the VE described and to further assume that this hypothetical individual is limited to the sedentary exertional level and would have the same other postural and manipulative limitations set out in the first hypothetical. *Id.* 66-67. The ALJ then asked if this second hypothetical individual could perform any of the past jobs described as actually performed or as generally performed in the national economy. *Id.* 67. The VE answered in the negative. *Id.* When asked what in the hypothetical precludes other work, the VE said that the combination of reaching with the "right dominant" and the other limitations would eliminate all sedentary jobs and unskilled jobs. *Id.* The VE testified that this testimony was also consistent with the DOT and the VE's experience and background. *Id.*

For a third hypothetical question, the ALJ asked the VE to assume a hypothetical individual of Plaintiff's age and education and with the past jobs the VE described and to further assume the hypothetical individual is again limited to the sedentary exertional level and would have all the same limitations set out in the

second hypothetical except that now the individual can frequently reach with the right upper extremity. *Id.* 68. The VE testified that this individual could not perform any past work but could perform other work. *Id.* For example, this individual could be a lenses inserter, order clerk, or addresser. *Id.* 69. For a third time, the VE testified her testimony was consistent with the DOT. *Id.* The ALJ's RFC finding mirrored the RFC posed in the first hypothetical; the ALJ found Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy.

Plaintiff contends that by failing to properly accommodate all of Plaintiff's limitations, the Commissioner failed to meet the burden of proof at step five of the sequential evaluation. Pl.'s Br. 7. Specifically, Plaintiff cites to the VE's answer to the second hypothetical: that being restricted to the sedentary exertional level and with the limitations proposed would eliminate all sedentary unskilled work. *Id.* 8. According to Plaintiff, had the ALJ found—as Plaintiff suggests is proper—that Plaintiff could only perform sedentary work, then the VE's testimony would have led the ALJ to find Plaintiff disabled due to being unable to perform other work in the national economy. *Id.* 8-9.

Here, the VE was specifically asked about a hypothetical individual whose limitations matched those of Plaintiff's RFC, that is an individual who was limited to work at the light exertional level and to occasionally climbing ladders, ropes, scaffolds, ramps, and stairs, as well as occasional stooping, crouching, kneeling, and crawling, occasional reaching with the right upper extremity, and frequent bilateral

fingering and handling. *Id.* The VE testified as to jobs that the hypothetical individual could perform with those limitations and further testified that those jobs did not present a conflict with the DOT. *See id.* 65-69.

Thus, the ALJ properly relied on the VE's testimony and, once the Commissioner met its burden to show Plaintiff could perform jobs that exist in the national economy, Plaintiff did not prove that she could not perform the alternative work. Remand is not required on this issue.

## Conclusion

The hearing decision is AFFIRMED in all respects.

**SO ORDERED**.

March 22, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE